IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM F. RUTGER and
ANGELA R. RUTGER,

Plaintiffs,

v.

INTERNAL REVENUE SERVICE[1],

Defendant.

Case No. 8:20-cv-1144-T-33TGW

**UNITED STATES OF AMERICA'S MOTION TO DISMISS**

The United States of America, the proper party acting on behalf of the named defendant Internal Revenue Service, respectfully moves to dismiss Plaintiffs' suit for a refund pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs fail to plead their cause of action with any specificity or otherwise comply with the pleading requirements of Rule 8. Because they have not alleged subject matter jurisdiction over this action and fail to state a claim upon which relief may be granted, Plaintiffs' complaint should be dismissed. [2]

[1] Plaintiffs improperly name the Internal Revenue Service as a defendant. An executive department of the United States can only be sued with the express authorization of Congress. *See Deleeuw v. I.R.S.*, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987) (citing *Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952)); *see also Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 1968) ("The immunity of the sovereign, however, extends to its agencies . . . and to the officers of these agencies."). Congress has not consented to suits against the IRS. *See Castleberry v. ATF*, 530 F.2d 672, 673 n.3 (5th Cir. 1976). Accordingly, the IRS is not a proper defendant to this suit. *See Kramer & Assocs., LLC v. United States*, No. 8:08-cv-640-T-24 MAP, 2008 WL 5051429, at *2 (M.D. Fla. Sept. 10, 2008).

[2] Plaintiffs have improperly sued the Internal Revenue Service. Their failure to name a proper defendant serves as an independent basis for dismissal of their complaint for lack of subject matter jurisdiction. *See, e.g.*, *Kramer & Assocs., LLC v. United States*, No. 8:08-cv-640-T-24

(continued...)

## BACKGROUND

On September 18, 2020, Plaintiffs filed this lawsuit purportedly seeking a refund[3] of an unspecified sum, including penalties and interest, and asserting a claim for taxable costs and attorney's fees. ECF No. 1. Plaintiffs allege that "[d]espite the 2013 debt forgiveness, the taxpayers have yet to receive a 'windfall' as the mortgage foreclosure judgment was not vacated until 2018 and the bank still retains a lien on our house for the full amount." *Id.*, ¶III. Other than that statement, Plaintiffs do not identify any basis for their refund claim.

## MEMORANDUM OF LAW

Plaintiffs fail to allege facts sufficient to establish the Court's jurisdiction over this action or to state a plausible claim for refund. Rather, their complaint does not provide fair notice of the claim or the grounds upon which it rests and violates Rule 8's pleading standards. Rule 8 provides that a complaint must contain (1) a statement of the grounds for the court's jurisdiction, (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) a demand for relief. Fed. R. Civ. P. 8(a). "The purpose of Rule 8(a)(2)'s requirement is 'to give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Barone v. Wells Fargo Bank, N.A.*, 709 Fed. App'x 943, 951 (11th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

---

MAP, 2008 WL 5051429, at *2 (M.D. Fla. Sept. 10, 2008) (dismissing suit against IRS but allowing suit to proceed where United States was also named as a defendant).

[3] Plaintiffs also request that the Court "[e]liminate tax debt." ECF No. 1, ¶III. While the Internal Revenue Code permits the Secretary of Treasury to credit the amount of any overpayment of taxes paid through a refund, credit against estimated tax for future years, or provide an offset, it does not permit the Secretary to eliminate a tax debt. *See* 26 U.S.C. § 6402. Plaintiffs have not pointed to any statutory provision supporting this relief and their remedy may be better pursued in the bankruptcy context. *See generally* 11 U.S.C. §§ 727 and 523 (relating to individuals).

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Without some factual allegation in the complaint, a plaintiff cannot satisfy the "requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.'" *Dyer v. Lara's Trucks, Inc.*, No. 1:12-cv-1785-TWT, 2013 WL 609307 (N.D. Ga. Feb. 19, 2013) (quoting *Twombly*, 550 U.S. at 556 n.3).

A complaint that fails to satisfy Rule 8's pleading requirements is subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *See, e.g., Scarborough v. Carotex Const., Inc.*, 420 Fed. App'x 870, 875 (11th Cir. 2011) (dismissing complaint for failure to satisfy well-pleaded complaint rule as to federal question jurisdiction). Such a complaint may also be subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[4] *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) ("If a complaint's statement of claim does not satisfy [Rule 8's] requirement, it is subject to dismissal under Rule 12(b)(6) for 'failure to state a claim upon which relief can be granted.'").

## I. The Court lacks subject matter jurisdiction over this action.

The allegations in Plaintiffs' complaint are insufficient to invoke the federal court's subject matter jurisdiction.[5] Rule 8(a)(1) requires a complaint to contain a statement of the

---

[4] Rule 41(b) also provides an independent basis for dismissal for failure to comply with Rule 8(a). Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Weiland v. Palm Beach County Sheriff's Office* 792 F.3d 1313 (11th Cir. 2015) (discussing dismissal with prejudice); *Galindo v. Lampela*, 513 Fed. App'x 751, 752 (10th Cir. 2013) ("If a plaintiff fails to comply with Rule 8, Rule 41(b) authorizes district courts to dismiss an action with or without prejudice.")

[5] Attacks on subject matter jurisdiction come in two forms: a facial attack, where all allegations in the complaint are taken as true; or a factual attack, where the moving party "challenge[s] the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside

(continued...)

grounds for the Court's jurisdiction and the party seeking to invoke federal jurisdiction bears the burden of establishing such jurisdiction exists. *Ishler v. Internal Revenue Serv.*, 237 Fed. App'x 394, 398 (11th Cir. 2007). This requires a plaintiff to "show by fact, and not mere conclusory allegation, that federal jurisdiction exists." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216–17 (11th Cir. 2007). Accordingly, the plaintiff must "set forth in the complaint the factual support for jurisdiction." *Id.* at 1216; *see also Healen v. E. Airlines, Inc.*, No. 18097, 1973 WL 358, at *2 (N.D. Ga. Sept. 10, 1973) ("[A] party who invokes the district court's jurisdiction for the first time must clearly show that his action is within the court's jurisdiction.").

It is well-established that the United States, as a sovereign entity, is immune from suit unless it consents to be sued.[6] *Christian Coalition of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011) (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)). The terms of any such consent, as expressed by statute, "'define that court's jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The general stature that provides district courts with jurisdiction over internal revenue taxes is 28 U.S.C. § 1346(a)(1). But in the tax realm, 26 U.S.C. § 7422(a) provides the limited waiver of sovereign immunity. Section 7422 provides that no suit for refund may be maintained "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Accordingly, in order to

---

the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.)) (internal quotation marks omitted). Here, the United States makes a facial attack on the Court's jurisdiction over Plaintiffs' Complaint.

[6] Because sovereign immunity issues concern the Court's subject matter jurisdiction, it must be addressed before reaching the merits of a claim. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

invoke a federal court's jurisdiction over a refund action, a plaintiff must satisfy three statutory prerequisites. First, the plaintiff must file an administrative refund claim with the Secretary of Treasury prior to filing suit. 26 U.S.C. § 7422(a). Second, the refund claim must be filed either within three years after the return was filed or within two years after the tax was paid. 26 U.S.C. § 6511(a). Third, the plaintiff must commence the refund suit within two years from the time the IRS rejected their refund claim or after six months from the time the claim was filed. 26 U.S.C. § 6532(a). Strict compliance with these requirements is mandatory. *Wachovia Bank, N.A. v. United States*, 455 F.3d 1261, 1264 (11th Cir. 2006) ("If the requirements of § 7422(a) are not met, a court has no subject matter jurisdiction to hear the claim for refund."); *Dalm*, 494 U.S. at 612 (for a court to have jurisdiction over a refund suit, a taxpayer is required to file a claim for refund consistent with § 6511's time provisions); *Rosser v. United States*, 9 F.3d 1519, 1521 (11th Cir. 1993) ("[A]ny tax refund suit not brought in compliance with § 6532(a)(1) is barred.").

In addition to these requirements, a proper administrative claim for refund must "set forth in detail each ground upon which a . . . refund is claimed and facts sufficient to apprise the Commissioner [of Internal Revenue] of the exact basis thereof . . . . A claim which does not comply with this paragraph will not be considered for any purpose a claim for refund." 26 C.F.R. § 301.6402–2(b)(1). The Treasury Regulations do not require exact precision, but "at minimum the taxpayer must identify in its refund claim the 'essential requirements' of each and every refund demand." *Charter Co. v. United States*, 971 F.2d 1576, 1580 (11th Cir. 1992)*; see also Sanders v. United States*, 740 F.2d 886, 890 (11th Cir. 1984) (taxpayer must "state the exact basis" of his refund claim); *In re Ryan*, 64 F.3d 1516, 1521 (11th Cir. 1995) (same). These regulations exist, in part, because "[a] taxpayer is not permitted to advance one ground for refund in his claim filed with the Commissioner and thereafter rely upon an entirely different ground in

a subsequent suit for refund, but is confined to the scope of the grounds for refund asserted in his claim filed with the Commissioner." *Carmack v. Scofield*, 201 F.2d 360, 361–62 (5th Cir. 1953). Compliance with the specificity requirement of 26 C.F.R. § 301.6402–2(b)(1) is likewise a prerequisite to subject matter jurisdiction over a claim for refund. *See Ruble v. U.S. Gov't, Dep't of Treasury, Internal Revenue Serv.*, 159 F. Supp. 2d 1381, 1384 (N.D. Ga. 2001).

Finally, in order to establish that narrow waiver of sovereign immunity and jurisdiction over this refund suit, Plaintiffs must allege that they paid the tax for which they seek a refund. *Flora v. United States*, 362 U.S. 145, 146 (1960). Courts lack jurisdiction to hear a refund suit absent full payment of the relevant tax.

In their complaint, Plaintiffs state that this case is before the Court pursuant to federal question jurisdiction as a tax dispute. ECF No. 1, ¶II. This is insufficient to invoke this Court's jurisdiction. *See Lowery*, 483 F.3d at 1216–17 (a plaintiff must allege facts, not mere conclusory allegations, that jurisdiction exists). Rather, Plaintiffs bear the burden to affirmatively establish compliance with all jurisdictional prerequisites. *See* 26 C.F.R. § 301.6402–2(b)(1) (setting forth jurisdictional prerequisites for refund suit). They fail to do so. In particular, Plaintiffs proffer no allegations that they filed a proper administrative claim for refund, that their claim was timely, or that this suit is timely. Nor do they state the factual grounds for their claim. And they have not shown or pleaded that they full-paid whatever sum they seek to have refunded. Accordingly, Plaintiffs have failed to meet their burden to demonstrate that jurisdiction is vested in this Court. Their failure to do so is fatal to their claim. *See* 26 U.S.C. § 7422(a); *Wachovia Bank, N.A.*, 455 F.3d at 1264 ("If the requirements of § 7422(a) are not met, a court has no subject matter jurisdiction to hear the claim for refund.").

In sum, Plaintiffs' bald assertion, devoid of any factual allegations, that the Court has federal question jurisdiction over this case violates Rule 8's pleading requirements. *See* Rule 8(a)(1); *Shields v. United States*, 136 Fed. Cl. 37, 47 (2018) (dismissal of action for lack of subject matter jurisdiction where complaint identified taxpayers by name and contained $1 refund request, but failed to describe any basis for the claimed refund). Because Plaintiffs fail to sufficiently allege jurisdiction, they have failed to meet their burden and their complaint must be dismissed.

II. **Plaintiffs fail to state a claim upon which relief may be granted.**

Plaintiffs likewise fail to state a claim upon which relief may be granted. When ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accept[s] the facts as pleaded to be true and resolve[s] them in the light most favorable to the plaintiff." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 702 (11th Cir. 1985). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To that end, dismissal is required where the complaint is not plausible on its face. *Iqbal*, 556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, a pleading that only offers legal conclusions or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Twombly*, 550 U.S. at 555. When ruling on a motion to dismiss, the court identifies and ignores allegations that merely state legal conclusions when assessing whether a complaint clears the Rule 8 hurdle. *Iqbal*, 556 U.S. at 678–79.

Plaintiffs fail to advance any grounds for their refund claim so as to provide fair notice of the claim. Rather, Plaintiffs' factual allegations, purportedly the basis for their refund claim, are utterly incomprehensible. Not only do they fail to identify the basis for their refund, they fail to specify the amount allegedly overpaid or even the tax year at issue. *See* ECF No. 1, ¶III. The complaint rather reduces the United States' defense to guesswork. Indeed, it is unclear whether Plaintiffs seek a refund of *tax* at all. *See* ECF No. 1, ¶III (asking Court to "refund all monies paid"). When the Court disregards the legal conclusion that Plaintiffs are entitled to a refund, their complaint fails to set forth any ground for refund and consequently does not constitute a valid claim and should be dismissed pursuant to Rule 12(b)(6). 26 C.F.R. § 301.6402–2(b)(1) (stating that the claim must set forth in detail each ground upon which a credit or refund is claimed; a claim that does not is not considered as a claim for refund or credit).

**CONCLUSION**

Plaintiffs have not proffered allegations sufficient to establish subject matter jurisdiction or to state a claim for refund. When their conclusory statements are disregarded, Plaintiffs fail to make any factual allegations supporting their claim. Because Plaintiffs fail to comply with Rule 8's pleading standard, their complaint should be dismissed.

Dated: December 8, 2020

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Jikky Thankachan*

JIKKY E. THANKACHAN
MARGARET S. SHOLIAN
Trial Attorneys
Florida Bar No. pending (Thankachan)
Washington Bar No. 51444 (Sholian)
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
202-598-3758 (v) (Thankachan)
202-514-5900 (v) (Sholian)

202-514-4963 (f)
Jikky.thankachan@usdoj.gov
Margaret.S.Sholian@usdoj.gov

Of Counsel:

MARIA CHAPIA LOPEZ
United States Attorney
Middle District of Florida

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and on the same date mailed the document by United States Postal Service to the following:

William F. Rutger, *pro se*
1268 Blackrush Drive
Tarpon Springs, FL 34689

Angela R. Rutger, *pro se*
1268 Blackrush Drive
Tarpon Springs, FL 34689

*/s/ Jikky Thankachan*
JIKKY THANKACHAN
Trial Attorney, Tax Division
U.S. Department of Justice