IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| WILLIAM F. RUTGER and<br>ANGELA R. RUTGER,<br><br>      Plaintiffs,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>      Defendant. | Case No. 8:20-cv-01144-VMC-TGW |

**MOTION TO STRIKE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND FOR ORDER TO SHOW CAUSE**

Defendant, the United States of America, respectfully requests that the Court strike *pro se* Plaintiffs' Motion for Summary Judgment, ECF No. 20,[1] for failure to comply with Federal Rule of Civil Procedure 56 and the Court's Order on Motions for Summary Judgment, ECF No. 24, also available on the Court's website.[2] The United States further requests that the Court enter an Order requiring Plaintiffs to show cause as to why the United States' Motion to Dismiss, ECF

---

[1] Plaintiffs also request that the Court substitute the United States of America for the Internal Revenue Service as the proper defendant to this action. The United States does not oppose this request. *See Kramer & Assocs., LLC v. United States*, No. 8:08-cv-640-T-24-MAP, 2008 WL 5051429, at *2 (M.D. Fla. Sept. 10, 2008).

[2] While complaints submitted by *pro se* parties are entitled to liberal interpretation by the Court, *pro se* litigants do not escape their "essential burden under summary judgment standards" of establishing that there are no genuine disputes of material fact for trial. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiffs should be required to show, through admissible evidence, that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In fact, Mr. Rutger has represented to trial counsel for the United States on multiple occasions that he was a, now-retired, licensed member of the Florida State Bar previously practicing in state and federal courts. *See* https://www.floridabar.org/directories/findmbr/?lName=rutger&sdx=N&fName=&eligible=N&deceased=N&firm=&locValue=&locType=C&pracAreas=&lawSchool=&services=&langs=&certValue=&pageNumber=1&pageSize=10 (Florida Bar No. 365173).

No. 16, filed on December 8, 2020, should not be granted for Plaintiffs' failure to timely file an opposition.

Should the Court deny this motion, the United States respectfully requests a two-week extension of time to file a response to Plaintiffs' summary judgment motion pursuant to Federal Rule of Civil Procedure 56(d), to January 19, 2021. If this case is not dismissed, discovery will be needed to determine the validity of Plaintiffs' claim for refund, including, but not limited to, (1) whether Plaintiffs timely filed an administrative claim for refund, (2) the nature of that claim, and (3) whether Plaintiffs paid the tax for which they seek a refund.

Accordingly, the United States requests the Court strike Plaintiffs' Motion for Summary Judgment, ECF No. 20, and grant the United States' Motion to Dismiss, ECF No. 16, as unopposed. In the event the case is not dismissed, the United States requests time to engage in discovery.

## MEMORANDUM OF LAW

First, the United States requests that the Court strike Plaintiffs' Motion for Summary Judgment, ECF No. 20, for failure to comply with Federal Rule of Civil Procedure 56 and the Court's Order, *see* ECF No. 24; https://www.flmd.uscourts.gov/judges/virginia-covington (Preferences, Civil Motions, Motions for Summary Judgment). Rule 56(a) provides that a party may be entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

The Court has established additional procedures for parties moving for summary judgment, including that the moving party include a "Statement of Material Facts" listing each material fact alleged to not be in dispute, "supported by a pinpoint citation to the specific part of the record relied upon to support that fact." ECF No. 22. "The record includes depositions, electronically stored information, affidavits or declarations, stipulations, admissions, and interrogatory answers. It does not include lawyers' affidavits." *Id.* "Failure to submit a statement of material facts constitutes grounds for denial of the motion." *Id.*

Here, Plaintiffs have not detailed the facts that they contend are undisputed, by submitting a statement of material facts or otherwise, nor have they shown that they are entitled to judgment as a matter of law. Rather, Plaintiffs have not submitted, nor cited to, any admissible evidence supporting their assertion that they are entitled to a refund of tax paid or that they even requested a refund from the IRS. Plaintiffs instead rely on a purported closing statement from American Land Title Association showing that they sold property located in Tarpon Springs, Florida to Crixus Developments, LLC. ECF No. 20. The statement, which is not properly authenticated and therefore inadmissible, *see* Fed. R. Evid. 901, seems to show that the Rutgers were due $23,221.71 in relation to the sale of the property ECF No. 20. It does not, however, support their claim that they are entitled to a refund of tax paid for income attributable to the forgiveness of indebtedness.[3] Because Plaintiffs' Motion for Summary Judgment, ECF No. 20, does not comply with Rule 56 or the Court's Order on Motions for Summary Judgment, ECF No. 22, the motion is due to be stricken.[4]

---

[3] If all or a portion of debt is forgiven, the amount forgiven is income subject to tax unless the taxpayer proves it is entitled to an exception from tax. *See* 26 U.S.C. §§ 61(a)(11), 108.
[4] The motion may also be denied because Plaintiffs have failed to demonstrate that there are no genuine disputes of material fact for trial or that they are entitled to judgment as a matter of law.

Second, Plaintiffs have not yet filed an opposition to the United States' Motion to Dismiss, ECF No. 16. Because the motion was filed on December 8, 2020, Plaintiffs' deadline to respond was December 22, 2020. *See* Local Rule 3.01(b). While Plaintiffs did file their Motion to Substitute and Motion for Summary Judgment, ECF No. 20, on December 22, their motion does not constitute an opposition to the United States' Rule 12 motion. In particular, Plaintiffs do not address any of the United States' arguments as to why the complaint should be dismissed, including those related to the Court's jurisdiction over this action. Rather, Plaintiffs merely allege that "[t]he IRS persists the fallacious notion that Plaintiffs received a $246,246.47 Windfall after a 2013 debt forgiveness on their former home." ECF No. 20. They do not offer proof of the validity of their claim that the alleged debt forgiveness was improperly characterized as income[5] or otherwise counter any of the arguments made in the United States' Motion to Dismiss, ECF No. 16.[6] The United States therefore requests the Court issue an order to Plaintiffs to show cause as to why the motion should not be granted or, alternatively, deemed unopposed. *Id.*

Third, to the extent that the Court denies this motion, the United States requests a brief two-week extension of time to file a response to Plaintiffs' Motion for Summary Judgment, ECF No. 20, under Rule 56(d). From the information contained in the public records, the United States ascertains the following: On June 1, 2010, SunTrust Bank filed a lawsuit against the Rutgers, River Watch Homeowners Association, and Nationwide Insurance to foreclose its mortgage on real property located in Pinellas County, Florida owned by the Rutgers due to the

---

[5] Gross income includes income from the discharge of indebtedness and is generally reported on an IRS Form 1099-C. *See* 26 U.S.C. § 61(a)(11).
[6] Notably, Plaintiffs' do not attach a copy of their administrative refund claim or any documents evidencing that their claim was denied to their summary judgment motion.

(continued...)

Rutgers' default on September 12, 2009.[7] *SunTrust Bank v. William Rutger et al.*, No. 10-008486-CI (Cir. Ct. Pinellas County, Fla.) (Complaint). At the time, SunTrust was owed the principal amount of $248,422.77 on the mortgage. *Id.* On August 3, 2011, the court entered a Uniform Final Judgment of Foreclosure against the Rutgers in the amount of $274,945.69 (plus interest) and ordered the sale of the property. *Id.* (Uniform Final Judgment of Foreclosure). The sale was postponed several times due to the Rutgers' bankruptcy filings. *See* No. 8:11-bk-18124 (M.D. Fla. Sept. 28, 2011); No. 8:12-bk-03923 (M.D. Fla. Mar. 19, 2012); No. 8:12-bk-12805 (M.D. Fla. Aug. 22, 2012); No. 8:14-bk-09309 (M.D. Fla. Aug. 11, 2014); No. 8:17-bk-09967 (M.D. Fla. Nov. 30, 2017); No. 8:19-bk-03906 (M.D. Fla. Apr. 29, 2019). On February 10, 2018, SunTrust Bank requested the court vacate the Uniform Final Judgment and dismiss the case due to a credit policy change, including a charge off of the account secured by the mortgage. *Rutger*, No. 10-008486-CI (Motion to Vacate Uniform Final Judgment of Foreclosure, Direct Clerk to Return Original Loan Documents, Discharge Lis Pendens, and Dismiss Case). The court entered an Order granting the motion and vacating the judgment on the same date. *Id.* (Order).

      The United States ascertains that Plaintiffs' refund claim is related to the aforementioned litigation concerning the mortgage and Plaintiffs' several bankruptcy filings. However, much of the information currently in the United States' possession is based purely on conjecture as the nature of Plaintiffs' refund claim remains unclear. Accordingly, in the event this case is not dismissed, the United States requires additional time to conduct discovery into Plaintiffs' tax filings, the underlying mortgage, the forgiveness of indebtedness, including any IRS Forms 1099-C filed by SunTrust Bank or other creditors, any administrative refund claim made, and the

---

[7] SunTrust Bank also brought a breach of promissory note claim against Mr. Rutger only. *SunTrust Bank v. Rutger et al.*, No. 10-008486-CI (Cir. Ct. Pinellas County, Fla.) (Complaint).

outcome of that claim, if any, as permitted by Rule 56(d). Because the parties' discovery deadline is not until April 16, 2021, ECF No. 22, permitting the parties to engage in discovery as contemplated by the Court's Case Management and Scheduling Order will not cause any undue delay.

## CONCLUSION

The United States requests that the Court strike Plaintiffs' Motion for Summary Judgment, ECF No. 20, for failure to comply with Federal Rule of Civil Procedure 56 and the Court's Order on Motions for Summary Judgment, ECF No. 22. Plaintiffs do not present facts sufficient to demonstrate that there is no genuine dispute of material fact or that they are entitled to judgment as a matter of law. Rather, Plaintiffs do not submit any admissible evidence with their motion. Additionally, Plaintiffs' motion does not constitute an opposition to the United States' Motion to Dismiss, ECF No. 16, or otherwise address any of the arguments contained therein. Because Plaintiffs failed to timely oppose the United States motion, the motion is due to be granted. Should the Court deny the relief requested herein and deny our Motion to Dismiss, the United States respectfully requests a two-week extension of time to file a response to Plaintiffs' summary judgment motion pursuant to Rule 56(d) and to engage in discovery prior to submitting a substantive response.

Dated: December 30, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　RICHARD E. ZUCKERMAN
　　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General


　　　　　　　　　　　　　　　　　　　　　*/s/ Margaret S. Sholian*
　　　　　　　　　　　　　　　　　　　　　MARGARET S. SHOLIAN
　　　　　　　　　　　　　　　　　　　　　*/s/ Jikky Thankachan*
　　　　　　　　　　　　　　　　　　　　　JIKKY THANKACHAN
　　　　　　　　　　　　　　　　　　　　　Trial Attorneys, Tax Division
　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice

Wash. Bar No. 51444
P.O. Box 14198
Washington, D.C.  20044
202-514-5900 (v) (Sholian)
202-616-3371 (v) (Thankachan)
202-514-4963 (f)
Margaret.S.Sholian@usdoj.gov
Jikky.Thankachan@usdoj.gov

Of Counsel:

MARIA CHAPIA LOPEZ
United States Attorney
Middle District of Florida

## CERTIFICATION PURSUANT TO LOCAL RULE 3.01(G)

I hereby certify that prior to the filing of this motion I attempted to confer with *pro se* Plaintiffs William Rutger and Angel Rutger by calling their phone numbers. I was not able to leave a voicemail. I followed up with an email to their email address on December 29, 2020 stating our intent to file this motion, and once again on December 30, 2020. I did not receive a response from either Mr. or Mrs. Rutger.

*/s/ Jikky Thankachan*
JIKKY THANKACHAN
Trial Attorney, Tax Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and on the same date mailed the document by United States Postal Service to the following:

William Rutger
Angela Rutger
2415 Bent Tree Rd. #2413
Palm Harbor, FL 34683
abrutger000@gmail.com

                                                  */s/ Jikky Thankachan*
                                                  JIKKY THANKACHAN
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice