UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM F. RUTGER and
ANGELA R. RUTGER,

     Plaintiffs,

v.                       Case No. 8:20-cv-1144-T-33TGW

INTERNAL REVENUE SERVICE,

     Defendant.
_____/

<u>**ORDER**</u>

This matter comes before the Court upon review of Defendant United States of America's Motion to Dismiss (Doc. # 16), filed on December 8, 2020. Pro se Plaintiffs William F. Rutger and Angela R. Rutger responded on January 11, 2021. (Doc. # 35). For the reasons that follow, the Motion is granted, and the complaint is dismissed with leave to amend.

**I.**    **Background**

The Rutgers initiated this action against the Internal Revenue Service on May 18, 2020. (Doc. # 1). In their short pro se complaint, the Rutgers conclusorily assert that federal question jurisdiction exists because this is a "tax dispute." (<u>Id.</u> at 3). The Rutgers assert: "Despite the 2013 debt forgiveness, the taxpayers have yet to receive a

1

'windfall' as the mortgage foreclosure judgment was not vacated until 2018 [and] the bank still retains a lien on our house for the full amount." (Id. at 4). The Rutgers request that the Court "[e]liminate tax debt [and] refund all monies paid with penalties [and] interest. (Taxable costs [and] attorney's fees)." (Id.).

The United States, which is the proper defendant in this case, moves to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. (Doc. # 16). The Rutgers have now responded (Doc. # 35), and the Motion is ripe for review.

## II. **Discussion**

The Court agrees with the United States that the complaint must be dismissed without prejudice for failure to establish this Court's jurisdiction. While the Rutgers understandably believed that they could file this action in this Court because it is brought against the federal government, this Court's jurisdiction to hear cases for tax refunds is limited.

"A district court has jurisdiction to entertain civil actions against the government 'for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'" Wachovia Bank, N.A. v.

United States, 455 F.3d 1261, 1264 (11th Cir. 2006)(quoting 28 U.S.C. § 1346(a)(1)). But "the scope of [Section] 1346(a)(1) is limited by other provisions of the Tax Code." Id. at 1268.

"The section of the Tax Code which governs civil actions for a refund, 26 U.S.C. § 7422(a), states that before a taxpayer can file suit against the government to recover tax that he alleges the IRS has 'in any manner wrongfully collected,' he must 'duly' file an administrative claim for refund 'according to the provisions of law in that regard' and in accordance with the relevant regulations." Id. at 1264 (quoting 26 U.S.C. § 7422(a)). "If the requirements of [Section] 7422(a) are not met, a court has no subject matter jurisdiction to hear the claim for refund." Id.

Furthermore, there are time requirements for the filing of an administrative refund claim, 26 U.S.C. § 6511(a), and then for the filing of a federal case after the administrative process has been completed, 26 U.S.C. § 6532(a). See United States v. Clintwood Elkhorn Min. Co., 553 U.S. 1, 5 (2008)("[U]nless a claim for refund of a tax has been filed within the time limits imposed by [Section] 6511(a), a suit for refund . . . may not be maintained in any court." (citation omitted)); 26 U.S.C. § 6532(a)(1) ("No suit or

3

proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing . . . by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.").

Here, the complaint fails to allege that the Rutgers filed an administrative refund claim with the Secretary of the Treasury before filing suit. Nor do they allege that either the administrative refund claim or this case was timely filed. Without such allegations, the Rutgers have not properly pled that this Court has jurisdiction over this case. Thus, the complaint must be dismissed without prejudice and with leave to amend. If the Rutgers choose to file an amended complaint, they must properly allege all these jurisdictional prerequisites.

For the reasons explained by the United States in their Motion (Doc. # 16 at 6), the Rutgers should also clearly allege in their amended complaint whether or not they paid the tax for which they seek a refund. See Enax v. Comm'r, 476

4

F. App'x 857, 859 (11th Cir. 2012)("[B]efore a taxpayer may bring such an action against the IRS, the taxpayer must first file an administrative claim with the IRS for a refund or credit 'according to the provisions of law in that regard' and any applicable regulations. These requirements include, *inter alia,* the full payment of all taxes owed to the IRS." (citations omitted)).

Additionally, in order to satisfy the pleading requirements, the Rutgers should plead greater detail regarding the basis for their refund request in their amended complaint. As written, the limited allegations of the complaint fail to give the United States fair notice of why the Rutgers believe they are entitled to a tax refund. The Court advises the Rutgers that, in drafting an amended complaint, they should provide enough information about their refund claim to satisfy 26 C.F.R. § 301.6402-2(b)(1), which requires that an administrative refund claim "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b)(1). Without a similar level of specificity, an amended complaint for a refund will likely not satisfy the pleading requirements of Federal Rule of Civil Procedure 12(b)(6).

Finally, while the Rutgers make additional factual assertions in their response (Doc. # 35), the Court could not consider these additional factual assertions in evaluating the complaint. See Gibbons v. McBride, 124 F. Supp. 3d 1342, 1381 (S.D. Ga. 2015)("A complaint may not be amended by briefs in opposition to a motion to dismiss."). If they choose to file an amended complaint, the Rutgers should include all factual allegations they believe establish their case in the amended complaint.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

(1)    The United States of America's Motion to Dismiss (Doc. # 16) is **GRANTED.**

(2)    The complaint (Doc. # 1) is dismissed without prejudice for lack of subject matter jurisdiction.

(3)    Pro se Plaintiffs William F. Rutger and Angela R. Rutger may file an amended complaint that properly establishes this Court's jurisdiction and states a claim for relief by **February 4, 2021.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this
<u>13th</u> day of January, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE